IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TOMMY DEDRICK SOLOMON, SR.,    )
    )
    Plaintiff,    )
    )
    v.    )    CV 126-034
    )
RAHMAAN BOWICK, Circuit Public    )
Defender, and CHARLES B. WEBSTER    )
DETENTION FACILITY,    )
    )
    Defendants.    )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). The Court granted him leave to proceed IFP and directed him to file an amended complaint because of certain pleading deficiencies. (Doc. no. 6, pp. 3-4.) Plaintiff filed an amended complaint, (doc. no. 7), which the Court now proceeds to screen. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS and RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

I.      **Screening the Complaint**

A.      **Background**

Plaintiff's original complaint brought claims against his attorney and the Charles B. Webster Detention Center because he was held for three years during the pendency of his charges before trial and no gun was ever found in his possession. (Doc. no. 1, p. 4.) His new complaint, (doc. no. 7), lists the same defendants and argues that he was roughed up by the police, presumably upon his arrest, and that there was no evidence of a gun. (Id. at 3.) It also states that when he was incarcerated, two officers slammed his head on the floor and chipped his tooth, and that he did not get his wallet or his money back when he was released. (Id. at 4.) He claims that he was warned by the public defender "Ian Puczkowski," that he would be given more time to serve. (Id.) He notes that he received a mental evaluation and that the officers put him in a mental cell without a write up and without a restroom. (Id. at 5.) Finally, he claims that upon his release, he sought the return of a walker or crutches but that the jail would not give them back to him after his release. (Id.)

B.      **Discussion**

1.      **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

2

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Plaintiff has not Named any Proper Party

Although the Court warned Plaintiff previously that the named defendants were not proper parties, (doc. no. 6, p. 4), he named them again as the only defendants in his amended complaint.  Defendant Rahmaan Bowick is not a proper party because he is not a state actor.

"A plaintiff raising a section 1983 claim must show the deprivation of 'a federal right by a person acting under color of state law.'" Gustino v. Stoneybrook W. Master Ass'n, Inc., 842 F. App'x 323, 328 (11th Cir. 2021) (per curiam) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)).  Th us, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Defense counsel, whether court-appointed or privately retained, are not state actors for purposes of § 1983.  Polk Cnty. v. Dodson, 454 U.S. 312, 318 n. 7 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983); Pearson v. Myles, 189 F. App'x 865, 865 (11th Cir. 2006) (per curiam) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); Deas v. Potts, 547 F.2d 800,800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."), cited in Robinson v. Bernie, 2007 WL 80870 at *1 (S.D. Ga. Jan 8, 2007).

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  To hold private parties liable as state actors, one of three conditions must be met:  (1) the state coerced or significantly encouraged the action alleged to violate the Constitution; (2) the private party performed a function "traditionally the exclusive prerogative of the state;" or (3) the state "so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing NBC v. Commc'n Workers of Am., 860 F.2d 1022, 1026-27 (11th Cir. 2011)).  Nothing in Plaintiff's complaint establishes the necessary relationship to hold his attorney liable under § 1983.

Likewise, county jails are not subject to liability under § 1983. Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012). The only appropriate parties for suits under § 1983 are "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi artificial persons as the law recognizes as being capable to sue") (quotations omitted). While the Court recognizes that Plaintiff is proceeding *pro se* it will not rewrite the complaint and substitute parties for Plaintiff in an effort to allow the suit to proceed. Cf. Jordan v. Atlanta Public Schools, 2022 WL 3698372, at *1 (11th Cir. Aug. 26, 2022) (leniency afforded to pro se pleadings "does not give a court license to . . . rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)). Because Plaintiff has failed to name a party against which this case may proceed, it should be **DISMISSED**.

## II. Conclusion

For the reasons set forth above, the Court **REPORTS and RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 21st day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5